IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR MULTNOMAH COUNTY

| | |
|---|---|
| CHRISTOPHER HUGHSON, | Case No.  16CV36733 |
| PLAINTIFF, | |
| v. | (1) Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. |
| NAVIENT SOLUTIONS, INC., NAVIENT CORPORATION, | PRAYER: $21,000<br>FEE AUTHORITY: ORS 21.160(1)(b) |
| | JURY TRIAL DEMANDED |
| DEFENDANT. | SUBJECT TO MANDATORY ARBITRATON |

## INTRODUCTION

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA") against Defendant for placing at least fourteen (14) telephone calls to Plaintiff's cell phone (***)-***-6844, using an automatic telephone dialing system ("ATDS") and/or prerecorded voice.

2. The TCPA was enacted to prevent companies from invading American citizen's privacy and prevent abusive "robocalls". Senator Hollings, the TCPA's sponsor, described these calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." *137 Cong. Rec. 30,821 (1991).*

3. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC. What was once a nuisance has become a plague to U.S. consumers receiving an estimated 2.4 billion robocalls per month in 2016." *Robocall Strike*

*Complaint – Hughson v. Navient Solutions, Inc., et al. - 1*

*Force Report, October 26, 2016, https://transition.fcc.gov/cgb/Robocall-Strike-Force-Final-Report.pdf*

4.  The FCC has consistently reiterated in its 2012 Report and Order and Declaratory Rulings that auto-dialed or pre-recorded telephone calls to a cellular telephone numbers are prohibited unless made with "prior express consent" of the consumer. *See e.g., In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC Report and Order, CG Docket No. 02-278 (Fed. 15, 2012).

5.  The TCPA provides a private remedy for violations of section 227(b)(1)(A) and its regulations. In particular, section 227(b)(3) provides that a person "may bring an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater" and "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. *47 U.S.C. § 227(b)(3)(A)-(C)*.

## JURISDICTION AND VENUE

6.  The Supreme Court of the United States determined that state and federal courts have concurrent jurisdiction over private actions brought under the TCPA. *See Mims v. Arrow Financial Services, LLC, 132 S.Ct. 740 (U.S. 01/18/2012)*

7.  This Court has personal jurisdiction over Defendants, because they conduct significant business in this State and the unlawful conduct alleged in the Complaint occurred in, was directed to, and/or emanated from this State.

8. Venue is proper because the unlawful acts alleged, including the unauthorized phone calls, occurred in Multnomah County, and the injury arose in Multnomah County. Venue is additionally proper because Plaintiff resides in this County.

**PARTIES**

9. Plaintiff Christopher Hughson is a natural person and citizen of the State of Oregon, residing in Multnomah County.

10. Defendant Navient Solutions Inc. is a corporation with its principal place of business in Virginia.

11. Defendant Navient Corporation is a corporation with its principal place of business in Delaware.

**FACTUAL BACKGROUND**

12. Defendants or their agents placed at least fourteen (14) telephone calls to Plaintiff's cell phone (***)-***-6844, between November 24, 2015 and May 31, 2016. Upon information and belief additional calls were placed by Defendant to Plaintiffs cell phone during the preceding four (4) years.

13. The dates, times and caller ID's of the telephone calls at issue are as follows:

| Date | Time | Caller ID |
|---|---|---|
| 11/24/2015 | 11.06am | 317-550-5616 |
| 12/9/2015 | 12.07pm | 302-261-5781 |
| 12/24/2015 | 10.10am | 302-261-5781 |
| 12/28/2015 | 9.26am | 302-261-5781 |
| 1/8/2016 | 11.31am | 513-972-4972 |
| 1/25/2016 | 11.28am | 513-972-4972 |
| 5/24/2016 | 4:19PM | 513-972-4973 |
| 5/24/2016 | 4:20PM | 513-972-4973 |
| 5/31/2016 | 12:46PM | 513-972-4973 |
| 5/31/2016 | 12:47PM | 513-972-4973 |

|  |  |  |
|---|---|---|
| 5/31/2016 | 12:47PM | 513-972-4973 |
| 5/31/2016 | 12:48PM | 513-972-4973 |
| 5/31/2016 | 12:48PM | 513-972-4973 |
| 5/31/2016 | 12:49PM | 513-972-4973 |

14. Defendant's telephone calls at issue were made to reach someone other than Plaintiff, specifically an individual named "Patrick McCollom".

15. Defendant's telephone calls made to Plaintiff were placed through a system capable of storing or producing telephone numbers to be called, using a random or sequential number generator, also known as an "automatic telephone dialing system".

16. To reach more consumers, Defendant uses an invasive and illegal method known as "robocalling".

17. Defendant's policies permit its agents to call consumers up to eight (8) times per day.

18. Defendant's did not obtain Plaintiff's prior express consent to place the telephone calls at issue.

19. Defendant's obtained Plaintiff's cell phone number from someone other than Plaintiff.

20. Defendants are aware they place automated telephone calls / "robocalls" to numbers belonging to parties other than the individuals they are attempting to reach, and have been sued under the TCPA for similar violations to those alleged in this case.

21. Defendant's corporate policy is to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debts, and to ignore do not call requests from these called parties.

22. Defendant's failed to respond to Plaintiff's demand letter dated October 28, 2016.

23. Defendants willfully and/or knowingly violated the TCPA with respect to the telephone calls made to Plaintiff.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### (47 U.S.C. § 227)

24. Plaintiff adopts by reference all the allegations above.

25. By making, or having made on its behalf, unsolicited calls via an automatic telephone dialing system and/or an artificial or pre-recorded voice to Plaintiff's cell phone without prior written consent, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B). Because of Defendant's unlawful conduct, Plaintiff suffered actual damages in the form of monies paid to receive unsolicited calls and, under Section 227 (b)(3)(B), is entitled to a minimum of $500 in statutory damages for each violation of the TCPA.

26. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to Section 227(b)(3)(C), treble the amount of statutory damages recoverable

27. None of Defendants phone calls were made for emergency purposes or made with the prior express consent of Plaintiff.

**REQUESTED RELIEF**

**WHEREFORE**, Plaintiff Christopher Hughson respectfully requests relief against all Defendants as follows:

(A) For Count I, actual and statutory damages in the minimum amount of $500 per violation and additional treble damages of $1,000 per violation;

1   (B)   For all litigation expenses, and pre- and post-judgment interest.

2   (C)   For any other relief deemed appropriate by this Honorable Court.

3   (D)   Awarding such other and further relief as equity and justice may require.

4   (E)   Plaintiff reserves the right to seek leave to amend his Complaint to assert punitive

5   damages and class certification against Defendants.

7   Dated: November 7, 2016.

*s/ Christopher Hughson*

Christopher Hughson
4754 SW Admiral Street
Portland, Oregon 97221
chris@oregonrealtyadvisors.com
Cell: (503) 703-6844
*Plaintiff*

*Complaint – Hughson v. Navient Solutions, Inc., et al. - 6*